UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANIL BABBAR and SHALINI BABBAR,

Plaintiffs,

-against-

ANDERSON CENTER FOR AUTISM,
GARNET COLLINS, and NADINE THOMPSON,

Defendants.
-----------------------------------------------------------x

**ORDER**

26 Civ. 536 (KMK) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On October 22, 2026, pro se defendant Garnet Collins filed a motion for the Court to request pro bono counsel to assist him with his deposition. ECF No. 56.[1] Specifically, Defendant Collins expressed a need for counsel so that he could avoid "further incriminating [him]self." *Id.* at 2. For the reasons set forth below, the motion is GRANTED, and the Court will request that pro bono counsel appear for the limited purpose of representing Defendant Collins in connection with his deposition.

Although Defendant Collins's request arises in the less common context of a pro se defendant as opposed to a pro se plaintiff, under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." *See Hinchliffe Sports Partners, LLC v. Football Is for the Fans Ltd.*, No. 25-cv-06984 (RA) (SDA), 2025 WL 2947802, at *1 (S.D.N.Y. Oct. 3, 2025) ("the statute authorizing the appointment of pro bono counsel in civil actions applies to both plaintiffs and defendants"). "Broad discretion lies with the district judge

[1] Because the filings cited in this Order, including Defendant Collins's motion at ECF No. 56 and his letters at ECF No. 41-1, do not contain page numbers, the page numbers cited herein refer to page numbers assigned by the Court's Electronic Case Filing system.

in deciding whether to appoint counsel pursuant to this provision."[2] *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *see Cooper v. A. Sargenti Co.*, 877 F.2d 170, 171-72 (2d Cir. 1989); *UMG Recordings, Inc. v. McClean*, No. 04 -cv-8470 (KMW) (JCF), 2005 WL 1863674, at *1 (S.D.N.Y. Aug. 4, 2005) (requesting appearance of pro bono counsel for pro se defendant).

Included with Defendant Collins's motion is a version of a standard form application to proceed in forma pauperis ("IFP"), in which Defendant Collins states that he is "unable to pay the cost of these proceedings," receives no gross pay or wages, and has no money in cash or a checking or savings account.[3] ECF No. 56 at 3-4. Elsewhere in the record, Defendant Collins has represented that he is "presently incarcerated and indigent and unable to hire an attorney to represent [him] on this matter." ECF No. 14-1 at 2-3. While an application to proceed IFP is not necessary at this juncture given that Defendant Collins is a defendant and not required to prepay fees or costs, the information that Defendant Collins has submitted as part of the IFP application is sufficient for the Court to conclude that he lacks the financial resources to be able to obtain counsel.

On March 3, 2026, Plaintiffs' counsel submitted a letter to the Court attaching two substantively identical letters that counsel had received from Defendant Collins, in which Defendant Collins denied the allegations in the complaint. *See* ECF No. 14. On March 4, 2026, the Honorable Kenneth M. Karas issued an order construing the letters from Defendant Collins

---

[2] Even if a court does believe that a litigant should have a lawyer, a court has no authority to "appoint" counsel in a civil case, but instead may only "request" that an attorney volunteer to represent a litigant. *See Morrow v. Janis*, No. 23-cv-3224 (NSR) (AEK), 2025 WL 3124667, at *1 (S.D.N.Y. Nov. 7, 2025).

[3] Defendant Collins is currently incarcerated. The IFP application form that he provided with his motion does not contain all of the documentation typically required of incarcerated individuals, but the Court does not need Defendant Collins's institutional account information for purposes of assessing this particular motion.

as his answer to the complaint in this case. ECF No. 17. For the purposes of addressing Defendant Collins's application for the Court to request pro bono counsel, the Court construes his answer liberally and assumes that he has asserted plausible defenses, such that he satisfies the threshold requirement under *Hodge*. *See Akinlawon v. Polonco*, No. 21-cv-2621 (KMK), 2025 WL 887621, at *11 (S.D.N.Y. Mar. 21, 2025). The remaining factors governing requests for pro bono counsel also favor granting Defendant Collins's application for this limited purpose. Defendant Collins has stated that he has made efforts to find counsel[4] and that he cannot afford representation; his upcoming deposition will be a crucial aspect of his defense in this litigation; and he is concerned about further incriminating himself at the deposition. ECF No. 56 at 2. Accordingly, the Court will request that counsel appear for the limited purpose of representing Defendant Collins in connection with his deposition.

Under the Court's Second Amended Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-mc-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in litigating this case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* Dkt. No. 16-mc-78, ECF No. 3. Pro bono counsel will not be obligated for any aspect of Defendant Collins's representation beyond the matters described in this order. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Defendant Collins will end upon completion of his deposition. Upon the filing by pro bono counsel of a notice of completion, pro bono counsel's representation of Defendant Collins in this

[4] In his motion papers, Defendant Collins states that he has "asked [his] family to call several attorneys and they have informed [him] that due to the cost they are unable to assist [him] at this time." ECF No. 56 at 1.

matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Defendant Collins or to the Court in this matter.

**CONCLUSION**

For the foregoing reasons, Defendant Collins's motion for the Court to request pro bono counsel (ECF No. 56) is GRANTED, to the limited extent set forth above.

The Court advises Defendant Collins that there are no funds to retain counsel in civil cases and that the Court relies on volunteers. Accordingly, some time may pass before counsel volunteers to represent him. If an attorney volunteers, the attorney will contact Defendant Collins directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Defendant Collins should be prepared to proceed with his deposition in this case without an attorney. Of course, if an attorney offers to take the case, it is entirely Defendant Collins's decision whether to retain that attorney or not.

The Clerk of Court is respectfully directed to mail a copy of this Order to pro se Defendant Collins at his address of record on the docket.

Dated: November 6, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge